PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS



## IN THE UNITED STATES DISTRICT COURT DEC 0 4 2015

Clerk, U.S. District Court

FOR THE __Eastern__ DISTRICT OF TEXAS Texas Eastern

__Texarkana__ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

__Justin Donell Wright__
PETITIONER
(Full name of Petitioner)

vs.

__Warden Carter__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

__Beto unit TDCJ# 1949550 1391 Fm 2328 Tennessee colony Tx 758__
CURRENT PLACE OF CONFINEMENT

__1949550__
PRISONER ID NUMBER

13-F1055-005-A 5:15cv 199
CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.   Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.   Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.   Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.   Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☑   A judgment of conviction or sentence,      (Answer Questions 1-4, 5-12 & 20-25)
     probation or deferred-adjudication probation.
☐   A parole revocation proceeding.            (Answer Questions 1-4, 13-14 & 20-25)
☐   A disciplinary proceeding.                  (Answer Questions 1-4, 15-19 & 20-25)
☐   Other:_____           (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.   Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 5th District Courtroom,

Bowie County, Courthouse, 710 James Bowie Dr, New Boston TX

2.   Date of judgment of conviction: July 14, 2014

3.   Length of sentence: Life

4.   Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 13-F-1055-005

–2–

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.     What was your plea? (Check one) ☐ Not Guilty ☑ Guilty ☐ Nolo Contendere

6.     Kind of trial: (Check one) ☐ Jury ☑ Judge Only

7.     Did you testify at trial? ☐ Yes ☑ No

8.     Did you appeal the judgment of conviction? ☑ Yes ☐ No

9.     If you did appeal, in what appellate court did you file your direct appeal? Sixth appellate District     Cause Number (if known): 06-15-00001 CR

    What was the result of your direct appeal (affirmed, modified or reversed)? affirmed

    What was the date of that decision? March 11, 2015

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____

    _____

    Result: _____

    Date of result: _____ Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ☐ Yes ☐ No

11.    If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?         ☐ Yes   ☑ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

–4–

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13.   Date and location of your parole revocation: _____

14.   Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

     If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☐ No

16.   Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17.   Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

     _____

     Disciplinary case number: _____

     What was the nature of the disciplinary charge against you? _____

18.   Date you were found guilty of the disciplinary violation: _____

     Did you lose previously earned good-time days?   ☐ Yes   ☐ No

     If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

     _____

     Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

     _____

     _____

     _____

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☐ Yes   ☐ No

     If your answer to Question 19 is "Yes," answer the following:

     Step 1  Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize <u>briefly</u> the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.   **GROUND ONE:** <u>Ineffective assistance of counsel</u>

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel coerced defendant to plea bargain for maximum time with no benifit or concession. Counsel orgestrated an unconstutional plea bargain and exploited wright for his fundamental Rights when it was not in wrights best interest and only the state benifitted.

_____

B.   **GROUND TWO:** <u>Plea was involuntary and unintelligent</u>

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Wright was under extreme emotional duress, and coercion from his attorney rendering his plea involuntary. Wright also signed an unconstutional plea bargain for maximum time with no benifit in doing so rendering wright's plea unintelligent.

_____

–6–

C.   **GROUND THREE:** Wright was denied a Right to evidentiary hearing.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

D.   **GROUND FOUR:**

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

21.   Relief sought in this petition:

22.     Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes    ☐ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes    ☐ No

23.     Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes    ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24.     Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes    ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)     At preliminary hearing: _____

(b)     At arraignment and plea: _____

(c)     At trial: _____

(d)     At sentencing: _____

(e)     On appeal: _____

(f)     In any post-conviction proceeding: _____

(g)　　　On appeal from any ruling against you in a post-conviction proceeding: _____

_____

## Timeliness of Petition:

26.　　If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)　　A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)　　the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)　　the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)　　the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)　　the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)　　The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, day, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: _____

_____          — Continued —
                                                    ( See Brief )
                                                     In support

NO. 13F1055-005-A

Justin Wright
Appellant
v.
The State of Texas
Appellee

# Appellant's opening Brief

Justin Wright
TDCJ# 1949550
Beto unit
1391 Fm 3328
Tennessee colony, TX 75880-50c
Appellant

## Identity of parties and counsel

Appellant:

Justin Wright
TDCJ# 1949550
Beto Unit
1391 Fm 3328
Tennessee Colony, TX 75880-5000

Trial court Judge:

Honorable Ralph.K. Burgess
5th District courtroom, Bowie County TX 710
James Bowie Dr, New Boston TX

Attorney for Defendant (Trial)

Rick.C. Shumaker
424 West Broad Street
Texarkana, TX 75501.

Attorney for the State (Trial)

Cases:                                                                      Page No.

Strickland v Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 LEd. 2D 674          4

Mcmann, 397 U.S., at 770, 90 S.Ct., at 1448                                    5

Hill, VS. US 106 S.Ct 366                                                      6

Ex Parte Spicuzza (App. 1 Dist. 1995) 903 SW. 2d 381                           6


Statutes:                                                                   Page No.


Rules:                                                                      Page No.

Rule 1.01, 6                                                                   4
Texas State Bar rule 1.01 (c)


ther:                                                                       Page No.

Criminal law 641.13 (2)                                                       4
J.S.C.A. Amend. 6                                                             4
Habeas corpus 795 (i)                                                         4
Criminal law 273.1 (2)                                                        6
S.C.A Const. Amend. 6 Vernon's Ann. Texas C.C.P art 26.13 (B)               6

## Issues Presented

**Issue Number one:** Innefective assistance of counsel

**Issue Number two:** Plea was involuntary and unintelligent

**Issue Number three:** Denied a Right to an evidentary hearing

## Statement Of the facts

ounsel advised Appellant to Plea bargain for maximum time with no benifit in doing
so. Appellant was under extreme emotional duress, brought on by the loss of his beloved,
nd counsel's adamant coercion to Plea for maximum time with no bargain.

## Statement of the Case

This case is a murder case, which carries 5-99- to life in prison. Appellant on counsel's advice pled guilty and accepted a plea of life on the date of July, 14th 2014. Wright filed a notice of appeal on October 22, 2014, appeal was dismissed for want of jurisdiction on March 11, 2015. Wright then proceeded with an Article 11.07 on June 20th, which was denied without written order by the court of criminal appeals on 11/18/2015. Wright also adamatly pursued to retain clerk's records which he recieved no response from the courts.

P. 3

## Summary of the argument

No competent attorney working as the attorney guaranteed by the Sixth Amendment would advise his client to plea bargain for the maximum amount of time with no concession or bargain. It cannot be found anywhere in record where attorney tried to advise defendant not to sign an unconstitutional Plea-Bargain.

<u>Argument</u>                                                                P.4

<u>Issue Number one</u>: Ineffective assistance of counsel

Rule: Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.ed. 2d 674 (1984). An Applicant must show that counsel's Performance "was deficient and that a possibility exists, sufficient to undermine confidence in the result, that the outcome would have been different but for counsels deficient Performance." Counsel's performance is deficient if it is shown to have fallen below an objective standard of reasonableness, prejudice to the applicant from counsels deficient Performance is judged by "whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having a just result." Habeas corpus 795 (1) Remand was required to determine whether habeas petitioner was prejudiced by counsel's failure to investigate crime to which, given counsel's advice, petitioner pled guilty. U. S.C.A. Const. Amend. 6.

Rule 1.01, 6. Having accepted employment, a lawyer should act with competence, commitment and dedication to the interest of the client and with zeal and advocacy upon the client's behalf. A lawyer should feel a moral or professional obligation to pursue a matter on behalf of a client with reasonable diligence and promptness despite opposition, obstruction or personal inconvenience to the lawyer. A lawyer Texas State Bar Rule 1.01(C) As used in this rule," "neglect" signifies inattentiveness involving a concious regard for the responsibilities owed to a client or clients.

Criminal law 641.13(2) Defendant was denied effective assistance of counsel, where defense counsel gave defendant and his family impression that defendant would have to prove his innocence, led defendant to believe that trial would be futile because racial prejudice would determine jury verdict, and that counsel did not want to handle case because of its interacial aspect, moreover, trial court's Perfunctory mention of presumption of innocence and states burden of proof was insufficient to dispel inferences which defendant and his family necessarily drew from counsel's remarks and from his attitude.

P.5

Thus in McMann the court indicated that the accused is entitled to "a reasonably competent attorney, 397 U.S., at 770, 90 S. Ct., at 1448, whose advice is within the range of competence demanded of attorneys in criminal cases.

## Application

No competent attorney acting in the role of an advocate would advise his client to plea-Bargain for the maximum time, with no concession or benifit in doing so. Counsel never expressed or objected on record that wright's deciscion was unintelligent, and that he did not inform appellant that not to make deciscion. And on numerous occasion's counsel made bias and racial comments due to the interacial aspect of this case. Counsel also failed to bring to the courts attention that wright was under extreme emotional duress and wasn't fully aware of the consequences. Wright taking counsel's advice to plea for max because no black person could get a fair trial for killing a white person, no matter how deep in love appellant was was detrimental to appellant. counsel advice hindered appellant from going to trial which was defendants primary goal. If not for counsel's unprofessional advice appellant would have proceeded forth with a trial. Please consider the merits and not Judge me unfairly im not guilty of 1st degree murder.

## Conclusion

counsel was cleary ineffective, appellant was denied Right to fairness in the plea Bargaing phase due to counsels neglectfulness and indifference. No competent counsel in @ clients best interest would advise client to Plea-Bargain for maximum time with no benifit and not object or give any useful advice. counsel's overall advice was harmful and Prejudiced appellant's case. wright's case should be reversed and remanded due to wright's sixth Amendment Right to effective assistance of counsel being violated.

<u>Argument</u>

<u>Issue Number Two</u>: Plea was involuntary and unintelligent.

<u>Rule</u>:

2. The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. Hill vs. US 106 S.Ct 366

3. Where a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within range of competence demanded of attorney's in criminal cases. Hill vs. US 106 S.Ct 366

Plea bargain requires an offer by an authorized agent of the state to recommend a sentence or to make some other concession, such as reduced charge in exchange for specified plea by defendant. Ex Parte Spicuzza (Appel Dist. 1995) 903 S.W.2d 381

Plea Bargaining involves a Pre conviction bargain between Prosecutor and defendant where prosecutor makes a concession in exchange for defendant's promise to plead guilty or nolo contendere, Criminal law 273.1(2)

Defendant's election to plead guilty or nolo contendere when based upon erroneous advice of counsel is not done "voluntarily" and "knowingly". U.S.C.A. Const. Amend. 6 vernon's ann. Texas C.C. Part 26.13(B)

## Application

I had the Right to attend a trial and even if appellant would have gotten the maximum amount of time appellant would have had the Right to appeal. As opposed to following counsel's course of action and plea-Bargaining for maximum time with no benifit from state, no concession and no Right to appeal. It is clear that wright's course of action was not the intelligent course of action. Appellant's choice was also not voluntary due to his notfully understanding and being under extreme emotional duress, due to being away from his kids and the death of his beloved. Wright was also pressured by his counsel to plea bargain for maximum time so wright felt compelled to sign the unconstutional Plea-bargain for maximum with no concession no bargain.

## Conclude

Wright's case should be reversed and remanded because its clear wright's decision to plea-Bargain for maximum with no bargain was unintelligent, no compentent person not under emotional duress and sane would not sign a plea for maximum with no benifit in doing so.

<u>Prayer</u>

Appellant Justin Wright prays that this court

• Modify the trial court's Judgement and affirm the Judgement as modified;

• Reverse the trial court's Judgement in whole or in part and Render the Judgement that the trial court should have rendered;

• Reverse the trial courts Judgement and Remand the case for further proceedings;

• Vacate the trial courts Judgement and dismiss the case;

• Dismiss the Appeal;

And for any and all other Relief which Wright may be entitled

Respectfully submitted;

Justin Wright
TDCJ# 1949550
Beto unit
1391 Fm 3328
Tennessee colony, TX 75880-5000