IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

JUSTIN D. WRIGHT §
§
VS. § CIVIL ACTION NO. 5:15cv199
§
DIRECTOR, TDCJ-CID §

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Justin D. Wright, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1. The Court previously referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation ("Report") recommending the petition for writ of habeas corpus be denied. Docket No. 13 at 10. Petitioner filed objections to the Report. Docket No. 14. The Court reviews the objected-to portions of the Report *de novo*. FED. R. CIV. P. 72(b)(3).

Pursuant to a guilty plea, Petitioner was convicted of murder and sentenced to life imprisonment. He asserted the following grounds for review: (1) he received ineffective assistance of counsel; (2) his plea of guilty was involuntary and unintelligent; and (3) he was improperly denied an evidentiary hearing. The Magistrate Judge analyzed each of Petitioner's grounds for review and concluded that under the appropriate legal standard his grounds for review were without merit. Petitioner's objections focus on the Magistrate Judge's conclusion regarding his second and third grounds for review.

*First Ground for Review*

In his first ground for view, Petitioner asserts that he received ineffective assistance of counsel because his counsel advised him to agree to a plea agreement which was of no benefit to him. He also asserted that on several occasions counsel made racial comments concerning the interracial aspects of the case and stated that no black person could get a fair trial for killing a white person. Finally, he stated counsel was ineffective for failing to bring to the court's

attention that Petitioner was under extreme emotional duress.

The Magistrate Judge observed that based on an affidavit from counsel and the record before it, the state habeas trial court found: (1) counsel tried to negotiate a better plea bargain, but the prosecution was not willing to agree to anything less than a life sentence; (2) Petitioner wanted to plea guilty and was willing to accept a life sentence; (3) there was no credible evidence Petitioner and his attorneys ever discussed the issue of race; and (4) at the time he entered his guilty plea, Petitioner signed a document stating he was mentally competent and the Court found he was mentally competent. The Magistrate Judge concluded that based on the record, the state habeas trial court's factual findings were not unreasonable. She further concluded that the rejection by the state court of this ground for review was not contrary to clearly established federal law and did not involve an unreasonable application of thereof.

Because no objections were filed regarding this ground for review, the Court reviews the Magistrate Judge's conclusion regarding this ground for review for plain error. *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988). Having considered the record and the Report, the Court finds no plain error with the Magistrate Judge's conclusion.

***Second Ground for Review***

In his second ground for review, Petitioner asserted his plea of guilty was involuntary and unintelligent. He contends he was under extreme emotional duress as a result of the death of the victim and was coerced into pleading guilty by his attorneys. He states the fact that he signed a plea agreement that was of no benefit to him demonstrates his plea was unintelligent.

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). For a guilty plea to be intelligently and knowingly entered, the defendant must understand both the true nature of the charge against him and the consequences of a guilty plea. *United States v. Briggs,* 939 F.2d 222, 227 (5th Cir. 1991). "As long as the defendant understands the length of time he might possibly receive, he is fully aware of

the consequences of his plea." *Hobbs*, 752 F.2d at 1081-1082. When "a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, that plea should be upheld on federal review." *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

The Magistrate Judge stated the state habeas trial court found that trial counsel had advised Petitioner of the charge he faced and of the maximum punishment he could receive. The court also found there was no credible evidence demonstrating counsel threatened or coerced Petitioner to plead guilty. The Magistrate Judge noted there were three documents in the record signed by Petitioner relating to his guilty plea. The "Admonishments of the Court" informed Petitioner he was charged with murder and that he could received a sentence of five to 99 years of imprisonment. In the "Defendant's Stipulations and Waivers Prior to Guilty Plea," Petitioner acknowledged: (a) he understood the charge against him and the consequences of a guilty plea; (b) his guilty plea was voluntary, knowing and intelligent and (c) he was mentally competent. The "Proposed Punishment Recommendation" stated the parties agreed to a recommended sentence of life imprisonment.

The Magistrate Judge concluded the documents signed by Petitioner demonstrated his plea was voluntary and he was aware of the nature of the charge against him. In addition, she found that the documents showed Petitioner was aware of the maximum sentence he could receive, indicating he was aware of the consequences of his plea. She further concluded the findings of the state habeas trial court demonstrated: (a) Petitioner was aware of the charges against him and the maximum punishment he could receive and (b) Petitioner's plea was voluntary and not the result of coercion. The Magistrate Judge found Petitioner had not shown the trial court's findings constituted an unreasonable determination of the facts before the court. Based on the trial court's findings and the documents referenced above, the Magistrate Judge concluded that the rejection by the state courts of this ground for review was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

In his objections, Petitioner states he does not remember half of the things his attorneys talked to him about regarding the case. He states he merely remembers counsel stating he faced life imprisonment and that his kids would not forgive him for what he did. Petitioner states he had never been charged with a serious crime and did not understand the law. He states he lost his sanity weeks or months before he signed his plea agreement. Petitioner notes that the doctor who examined him stated he had intermittently experienced some symptoms of psychosis. Petitioner asserts that having him sign a plea agreement which only benefitted the prosecution was like taking candy from a baby because he was mentally incompetent.

In connection with Petitioner's state application for writ of habeas corpus, the state habeas trial court made the following findings:

> 1. That on March 24, 2014, the Court entered an "Order for Psychological Examination appointing Dr. Bryan Smith to examine Applicant for the sole purpose of determining whether he was competent to stand trial.
>
> 2. That Dr. Bryan Smith submitted a "Court Ordered Competency to Stand Trial Psychological Evaluation," dated April 2, 2014, stating, "at this time, I am unable to come to a definite professional opinion about the defendant's current level of functioning, as it pertains to competency to stand trial," and raising the issue of "purposeful malingering."
>
> 3. On April 21, 2014, the Court entered an "Order for Psychological Examination," appointing Dr. Mitchell Dunn to examine Applicant on May 2, 2014 for the sole purpose of determining whether Defendant was competent to stand trial.
>
> 4. On May 5, 2014, the Court entered an "Order for Psychological Examination," to be conducted by Mitchell H. Dunn, M.D., on May 13, 2014, for the sole purpose of determining whether Defendant was competent to stand trial.
>
> 5. In response to Applicant's notice of his intent to use the insanity defense, the Court entered an "Order for Psychological Examination-Insanity," on June 4, 2014, ordering Mitchell H. Dunn, M.D., to conduct a psychological examination of Applicant on June 13, 2014, for the sole purpose of determining whether Defendant was insane at the time the offense was committed.
>
> 6. Dr. Dunn interviewed Applicant on June 13, 2014, approximately one month before he entered his guilty plea. The report dated June 19, 2014 concluded that Applicant did not meet the test for insanity, although the report states, "it seems likely that Mr. Wright has intermittently experienced some symptoms of psychosis." The report was filed December 23, 2014.

7. Applicant signed "Defendant's Stipulations and Waivers Prior to Guilty Plea," on July 14, 2014, which provides that he fully understood the charges against him, and he "freely and voluntarily, knowingly and intelligently" waived and gave up his constitutional and statutory rights as a defendant, including the right to a jury trial, to ten days trial preparation, confrontation and cross-examination of witnesses, and stipulation of evidence, and to pre-sentence report confidentiality. The document also states:

> I further represent to the Court that I am mentally competent and am not suffering from any mental or emotional disease, defect, or disorder, and I am not under care or treatment for any mental or emotional problem.

In addition, it states the Applicant fully understood the charges against him, the consequences of his plea, his rights as an accused, and after consultation with his attorney, he desire[d] to waive those rights and enter a guilty plea. In said document, the Court entered an "Order Approving Waivers and Stipulations," which provides in part:

> The Court is of the opinion and finds that the Defendant is competent and that the foregoing waivers and stipulations were freely and voluntarily made after consultation with counsel, if applicable, and the Defendant is mentally competent and his plea is freely and voluntarily made.

8. The Court's notes on the "Court Docket" reflect that Applicant was admonished and found competent.

Order Recommending the Denial of Applicant's Application for Writ of Habeas Corpus at 5-7.

Title 28 U.S.C. § 2254(d) provides that a federal habeas court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court.

In light of the applicable legal standard, the Court agrees with the Magistrate Judge's conclusion that this ground for review is without merit. The documents signed by Petitioner which are referenced above demonstrate Petitioner's plea was voluntary, that he was aware of the nature of the charge against him, and that he was aware of the maximum sentence he could receive upon conviction. The findings by the state habeas trial court that are quoted above demonstrate Petitioner's plea was voluntary and not the result of coercion and that he was aware of the charges

against him and the maximum punishment he could receive. Other than Petitioner's own statements, there is nothing in the record indicating his plea was not knowing, voluntary, and intelligent. Nor does the record demonstrate Petitioner was mentally incompetent when he entered his guilty plea. As a result, the Court is unable to conclude that the rejection of this ground for review by the state courts was based on an unreasonable determination of the facts before the courts or was contrary to, or an unreasonable application of, clearly established federal law.

As the parties had agreed, Petitioner received the maximum sentence authorized by law. Petitioner asserts he therefore received no benefit from the plea agreement, indicating his plea was unintelligent. The Court notes Petitioner's attorneys submitted an affidavit stating the prosecution was unwilling to agree to a shorter sentence based on the horrendous manner of the victim's death. Counsel also stated Petitioner was adamant that he did not want to go to trial and did not want to view the photographs of the victim, indicating Petitioner did receive some benefit from pleading guilty and avoiding trial. Nevertheless, for a guilty plea to qualify as intelligent, the defendant must have "real notice of the true nature of the charge against him . . . ." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). As explained above, the record demonstrates Petitioner was aware of the nature of the charge against him. His plea of guilty therefore cannot be considered to be unintelligent even though it resulted in the maximum possible sentence.

### Third Ground for Review

In his third ground for review, Petitioner complains that he was denied an evidentiary hearing in state court. He reiterates this contention in his objections and states this Court needs to obtain his medical records in order to fairly adjudicate his claims.

The trial court's docket sheet indicates a hearing was held on July 14, 2014 in connection with the acceptance of Petitioner's plea of guilty. Case Summary for Case No. 13F1055-005 at 5. In addition, to the extent Petitioner contends an evidentiary hearing should have been held in connection with his state application for writ of habeas corpus, such a contention does not provide

Petitioner with a basis for relief. The Magistrate Judge correctly stated that deficiencies in state habeas proceedings do not provide a basis for federal habeas relief. *Wiley v. Epps*, 625 F.3d 199, 207 (5th Cir. 2010).

Finally, Petitioner's request that this Court obtain his medical records is without merit because such records were not part of the record before the state courts. A federal habeas court's review is limited to the state court record. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). As a result, Petitioner's third ground for review is without merit.

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court **ADOPTS** the Report of the Magistrate Judge as the opinion of the Court. A final judgment shall be entered in accordance with the Magistrate Judge's recommendation.

Additionally, the Court finds that Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must demonstrate the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions raised are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, Petitioner has not shown that the issues raised by his claims are subject to debate among jurists of reason. Nor has he shown that the questions presented are worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the

issuance of a certificate of appealability.  Accordingly, a certificate of appealability will not be issued.

**SIGNED this 5th day of April, 2018.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE